JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

5:18-cv-555

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

EGS  A/R

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff  **Lancaster**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Lancaster**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Nina B Shapiro, Esquire
53 North Duke Street   Suite 201
Lancaster, PA  17602

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)* (circled)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Age Discrimination Employment Act, Americans Disability Act, Family Medical Leave Act

Brief description of cause:
wrongful discharge discrimination/retaliation age, disability, defamation + invasion of privacy

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

**CHECK YES** only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE  2/9/2018
SIGNATURE OF ATTORNEY OF RECORD  [signature]

FEB - 9 2018

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**18  5551**

Address of Plaintiff: 224 Ridge Avenue   Ephrata   PA   17522

Address of Defendant: For all defendants: 1001 East Oregon Road, Lititz, PA   17543

Place of Accident, Incident or Transaction: At Business Location 1001 East Oregon Road, Lititz, PA   17543
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☐

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
RELATED CASE, IF ANY:
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) ADA/ADAA   FMLA   ADEA

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, Nina B Shapiro, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 2/9/2018   _____   44040
                 Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/9/18   _____   44040
               Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

FEB -9 2018



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

MARILYN MULL : CIVIL ACTION
v. :
LANDIS HOMES, LANDIS COMMUNITIES, SANDRA : 18    5554
SMOKER, SUSAN PAUL AND GRACE ITWARU : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( XXX )

| 2/9/18 | Nina B. Shapiro #44040 | Plaintiff Marilyn Mull |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 717-399-8720 | 717-399-8744 | bgdnbs@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

FEB -9 2018

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

MARILYN MULL                               :
      Plaintiff
                                              :      CIVIL ACTION NO:
v.                                         :

LANDIS HOMES, LANDIS COMMUNITIES,          :
SANDRA SMOKER, SUSAN PAUL AND
GRACE ITWARU                               :
      Defendants

## COMPLAINT

## JURY TRIAL DEMANDED

**INTRODUCTION:**

      1.    This action is brought by Marilyn Mull to redress her deprivation of rights under the Age Discrimination in Employment Act (ADEA), and under the Americans with Disabilities Act (ADA/ADAAA), and under the Family Medical Leave Act and the Pennsylvania Human Relations Act (PHRA) and for claims of Defamation and claims for Invasion of Privacy. In support of these claims, Marilyn Mull alleges:

**JURISDICTION AND VENUE:**

      2.    Original jurisdiction founded on the existence of questions arising under particular statutes. The action arises under the Age Discrimination in Employment Act and the Americans with Disabilities Act and the Family Medical Leave Act.

      3.    Jurisdiction founded upon principals of pendent jurisdiction under 28 U.S.C §1367 that authorizes the court to supplemental jurisdiction over any claims against parties that are part of the same controversy as the claim that provides the basis for the court's original jurisdiction.

1

4. Defendant Landis Homes and Landis Communities are an employer with more than fifty employees

5. The matter in controversy exceeds, exclusive of interests and costs, the sum of one hundred thousand dollars.

6. The unlawful practices and harm complained of occurred in Lancaster County in the Commonwealth of Pennsylvania where defendant employers conducted business and Plaintiff performed services on behalf of the defendants. Venue therefore lies in the Eastern District of Pennsylvania.

7. Plaintiff complied with all the conditions precedent to the filing of this complaint. See attached Notice of Rights issued by the Equal Employment Opportunity Commission at Exhibit A.

**PARTIES:**

8. Plaintiff Marilyn Mull is a citizen of Lancaster County in the Commonwealth of Pennsylvania. At all times relevant, Plaintiff performed services for and on behalf of defendants at the location in Lititz, Pennsylvania, Lancaster County.

9. Defendant Landis Homes is a business and Pennsylvania Corporation that operates a full-service retirement community and related senior care.

10. On July 1, 2012, Landis Homes officially became an affiliate of Landis Communities. Landis Homes and Landis Communities are inter-related and shall herein be referred to as a "Defendant Landis".

11. At all times relevant, Defendant Landis acted by and through all management, staff, directors, officers, supervisors, clergy, employees and all other agents.

2

12. Defendant Sandra Smoker was the Director of Human Resources for Defendant Landis and she acted for Defendant Landis and/or individually on her own behalf.

13. Defendant Susan Paul was the Director of Nursing for Personal Care Housing. Defendant Paul supervised the Personal Care Houses where Plaintiff Marilyn Mull worked. Defendant Paul supervised Plaintiff and signed her performance evaluations. Defendant Paul acted for Defendant Landis and/or individually on her own behalf.

14. Defendant Grace Itwaru was the Nurse Supervisor in Personal Care. Plaintiff Mull reported to and was supervised by Defendant Itwaru. Defendant Itwaru acted for Defendant Landis and/or individually on her own behalf.

**CLAIMS:**

15. Plaintiff is over the age of forty years. On the Plaintiff's final date of employment, March 10, 2017, Plaintiff was sixty-six (66) years old.

16. Defendant Landis hired Plaintiff on or about July 2003 as the Certified Nursing Assistant for the residents in the Personal Care Homes. Plaintiff's job duties were to assist the residents with activities of daily living.

17. Subsequently, Plaintiff was trained and promoted to Med Tech/Facilitator with the additional duties of dispensing medication.

18. Plaintiff was a dedicated employee. She received exemplary performance evaluations.

19. Plaintiff's husband Richard Mull was a retired police chief for Ephrata Township, Pennsylvania. He was elderly and infirm.

20. Plaintiff was her husband's direct caretaker until he was admitted to a skilled nursing facility on or about March 2, 2016. Plaintiff visited her husband at the skilled nursing facility on a regular basis. Her husband passed on March 12, 2017.

21. Defendants were on notice and aware that Plaintiff was her husband's caretaker. Defendants granted Plaintiff intermittent Family Medical Leave in 2015 when she cared for her husband at home before he was admitted to a skilled nursing facility.

22. The caretaker duties for her husband, decline of her husband's health and his descent in the final days of his life caused Plaintiff great distress, upset, anxiety, frustration, exhaustion and depression for which Plaintiff received medical care and treatment.

23. Supervisors Defendant Paul and Defendant Itwaru were aware that Plaintiff's husband's health was declining. The defendants were aware and on notice of the impact and effect on Plaintiff's mental health and well-being. On or about March 2, 2017, approximately one week before Richard Mull's demise, the defendant supervisors brought Plaintiff into the office. The supervisors stated to Plaintiff that she was not herself and that they had received staff concerns about the plaintiff's behavior. Plaintiff was not provided any details or explanation. Plaintiff was intimidated and in fear of losing her job.

24. One week later, March 8, 2017, Defendant Director of Nursing Susan Paul called Plaintiff to her office. Defendant Supervisor Itwaru was likewise present along with Human Resources Director Sandra Smoker. Defendant Smoker instructed Plaintiff to sign a release and permission for a drug test. Plaintiff cooperated and signed the forms. Defendant Sandra Smoker stated to the plaintiff: "if the test results come

back negative, you may want to think about taking Family Medical Leave time off." Defendant Smoker stated to the plaintiff that she would be getting a call from the defendants regarding the test results.

25.     Director of Human Resources, Sandra Smoker, escorted Plaintiff to Worknet Occupational Medicine for Plaintiff to undergo a Controlled Substance Test. Plaintiff was escorted out of the building like a common criminal in plain sight of the staff and residents. She was not allowed to take her own car. She was told that someone else must come and retrieve her vehicle. Plaintiff was in shock with the course of events. She felt humiliated, embarrassed, and mortified.

26.     Defendants did not call Plaintiff with the test results and did not return her telephone calls.

27.     The test results were in fact **NEGATIVE,** verified on March 9, 2017.

28.     Defendants did not offer, grant, or provide entitled opportunity for Family Medical Leave not withstanding that the test results were negative as stated at the office meeting on March 8, 2017.

29.     By correspondence from Defendant Sandra Smoker dated March 10, 2017, Defendants terminated Plaintiff's employment. The correspondence published false accusations that Plaintiff was "violent" and/or a "threat". The correspondence threatened the plaintiff with police action.

30.     The plaintiff's husband, Richard Mull, passed two days later on March 12, 2017.

31.     March 8, 2017, was the last day that plaintiff worked for Defendant Landis.

32. Plaintiff worked for Defendant Landis for fourteen (14) years. She was qualified and experienced to perform her job. She received exemplary performance evaluations.

33. Defendants did not issue the plaintiff any disciplinary action during her career at Landis Homes.

34. Defendants replaced the plaintiff with a significantly younger individual, twenty (20) years younger than the plaintiff.

35. Defendants wrongfully published false accusations that plaintiff was a "threat" or that inferred that plaintiff was violent or dangerous. The false accusations were published to staff and persons who had no right to know. The false statements deterred others from associating with the plaintiff. The false publications tarnished the plaintiff's reputation and good name.

36. Plaintiff was disabled suffering from exhaustion, mental and physical distress, depression and anxiety that impacted her major life activities for example concentration and social interaction.

37. In the alternative, Defendants regarded the plaintiff as mentally disabled and/or suffering from substance abuse/opioid addiction.

38. Defendants wrongfully published misstatements about plaintiff's private personnel matters and termination from employment to individuals that had no right to know. The summer of 2017, Plaintiff discovered that Defendant Grace Itwaru published the Plaintiff's private personnel matters to Plaintiff's sister who had no right to know.

39. The false accusations and wrongful termination caused Plaintiff great distress, humiliation, embarrassment, anguish and diminished Plaintiff's reputation and standing in the community.

40. Defendants subjected Plaintiff to adverse actions and hostility, denied Plaintiff equal conditions of employment, published false accusations that Plaintiff was dangerous, violated covenants of confidentiality, invaded Plaintiff's privacy and wrongfully discharged Plaintiff from employment because of her age and/or because of disability or inferred/perceived that Plaintiff was disabled and/or because Plaintiff associated with an individual that was disabled and retaliated against Plaintiff for engaging in protected activity.

41. Defendants failed to engage in the interactive process and failed to offer the plaintiff reasonable accommodation.

42. Defendants failed to comply with the employer's obligations under the Family Medical Leave Act and otherwise denied the plaintiff her rights and protections under the Family Medical Leave Act.

43. Defendant violated Plaintiff's statutory rights and protections.

44. Defendants' asserted reasons for terminating Plaintiff were a pretext for discrimination.

45. Defendant Landis has a pattern and practice of disability and age discrimination.

46. Defendants defamed Plaintiff and invaded her privacy.

47. Plaintiff timely filed administrative charges of discrimination against Defendant with the Equal Employment Opportunity Commission and the Pennsylvania

Human Relations Commission. Plaintiff exhausted her administrative remedies. See Notice of Rights attached Exhibit A.

48. Defendants caused Plaintiff to suffer harm and losses.

## COUNT I

## MARILYN MULL V LANDIS HOMES AND LANDIS COMMUNITIES

## <u>AGE DISCRIMINATION IN EMPLOYMENT ACT</u>

49. The allegations of paragraphs 1 thru 48 are incorporated by reference.

50. The conduct by Defendant Landis described above constitutes violations of The Age Discrimination in Employment Act.

51. The conduct by Defendant Landis described above was willful within the meaning of the Age Discrimination in Employment Act.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants Landis Homes and Landis Communities and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and lost benefits with interest;

(B) Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C) Award Plaintiff liquidated damages;

(D) Award Plaintiff costs of this action and reasonable attorney's fees;

(E) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

# COUNT II

## MARILYN MULL V LANDIS HOMES AND LANDIS COMMUNITIES

### AMERICANS WITH DISABILITIES ACT AS AMENDED

52. The allegations of paragraphs 1 thru 51 are incorporated by reference.

53. The conduct by Defendant described above constitutes violations of the Americans with Disabilities Act as amended.

54. The conduct by Defendant described above was willful within the meaning of the Americans with Disabilities Act as amended.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back pay, differential pay, future earnings and lost benefits with interest;

(B) Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C) Award Plaintiff punitive damages;

(D) Award Plaintiff costs of this action and reasonable attorney's fees;

(E) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

# COUNT III

## MARILYN MULL V LANDIS HOMES AND LANDIS COMMUNITIES

### FAMILY MEDICAL LEAVE ACT

55. The allegations of paragraphs 1 thru 54 are incorporated by reference.

56. The conduct by Defendant Landis described above constitutes violations of the Family Medical Leave Act.

57. The conduct by Defendant Landis described above was willful within the meaning of the Family Medical Leave Act.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants Landis Homes and Landis Communities and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and lost benefits with interest;

(B) Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C) Award Plaintiff liquidated damages;

(D) Award Plaintiff costs of this action and reasonable attorney's fees;

(E) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT IV
**MARILYN MULL V LANDIS HOMES, LANDIS COMMUNITIES, SANDRA SMOKER, SUSAN PAUL AND GRACE ITWARU**

**<u>PENNSYLVANIA HUMAN RELATIONS ACT</u>**

58. The allegations of paragraphs 1 thru 57 are incorporated by reference.

59. The conduct by Defendants described above constitutes violations of The Pennsylvania Human Relations Act.

60. The individual defendants aided and abetted discrimination in violation of the Pennsylvania Human Relations Act.

61. The conduct by Defendants described above was willful within the meaning of the Pennsylvania Human Relations Act.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants Landis Homes, Landis Communities, Sandra Smoker, Susan Paul and Grace Itwaru and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and lost benefits with interest;

(B) Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C) Award Plaintiff costs of this action and reasonable attorney's fees;

(D) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT V
### MARILYN MULL V LANDIS HOMES, LANDIS COMMUNITIES, SANDRA SMOKER, SUSAN PAUL AND GRACE ITWARU
### DEFAMATION

62. The allegations of paragraphs 1 thru 61 are incorporated by reference.

63. The named defendants, individually and collectively, published false and damaging statements that Plaintiff was threatening, violent, dangerous, and abusive of controlled substances/opioid addiction.

64. Defendants relied on the falsehoods as reason for terminating Plaintiff from employment.

65. The published statements are false.

66. The publication of false and misleading statements caused Plaintiff to suffer economic damages and harm including but not limited to loss of employment, loss of reputation, embarrassment, loss of career, humiliation, distress and anxiety.

67. Defendants recklessly and maliciously published misstatements regarding Plaintiff in total disregard to the truth.

68. Defendants were not privileged to publish the misstatements, or if any privilege existed, Defendants abused the privilege.

69. Defendants published the statements to persons who had no right to know including staff of Defendant Landis and members of the community including Plaintiff's sister.

70. Defendants are liable to Plaintiff for defamation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants Landis Homes, Landis Communities, Sandra Smoker, Susan Paul and Grace Itwaru and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and lost benefits with interest;

(B)     Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C)     Award Plaintiff punitive damages;

(D)     Award Plaintiff costs of this action and reasonable attorney's fees;

(E)     Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT VI

## MARILYN MULL V LANDIS HOMES, LANDIS COMMUNITIES, SANDRA SMOKER, SUSAN PAUL AND GRACE ITWARU

### INVASION OF PRIVACY

71.     The allegations of paragraphs 1 thru 70 are incorporated by reference.

72.     The named defendants, individually and collectively, published statements regarding the plaintiff's private health and personnel matters to persons who had no right to know and were not privileged to know.

73.     Defendants wrongfully invaded Plaintiff's privacy and caused Plaintiff to suffer economic damages and harm including but not limited to loss of employment, loss of reputation, embarrassment, loss of career, humiliation, distress and anxiety.

74.     Defendants acted recklessly and maliciously.

75.     Defendants were not privileged to invade Plaintiff's privacy, or if any privilege existed, Defendants abused the privilege.

76.     Defendants are liable to Plaintiff for claims of invasion of privacy.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants Landis Homes, Landis Communities, Sandra Smoker, Susan Paul and Grace Itwaru and the Court:

(A)     Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and lost benefits with interest;

(B)     Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C)     Award Plaintiff punitive damages;

(D)     Award Plaintiff costs of this action and reasonable attorney's fees;

(E)     Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

Respectfully submitted:

Nina B. Shapiro, Esquire
Attorney for Marilyn Mull
PA #44040
53 North Duke Street, Suite 201
Lancaster, PA 17602
717-399-8720
bgdnbs@aol.com

DATE:  February 9, 2018

EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Marilyn Mull<br>224 Ridge Ave<br>Ephrata, PA 17522 | **From:** Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-03829 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Kevin J. Berry,
Acting District Director

11-13-2017
(Date Mailed)

Enclosures(s)

cc:
Allen Heinly
VP Of HR
LANDIS HOMES RETIREMENT CMNTY
1001 E Oregon Rd
Lititz, PA 17543

Nina Shapiro
53 N Duke St, Ste 201
Lancaster, PA 17602